**Herbert H. HARRIS, Jr.,**
**Plaintiff-Appellant,**

v.

**OLYMPUS TERMINALS & TRANSPORT CO., INC., et al., Defendants,**

**Travelers Insurance Co., Defendant-Appellee.**

**No. 73–4041.**

United States Court of Appeals, Fifth Circuit.

July 31, 1975.

William P. Rutledge, Lafayette, La., for plaintiff-appellant.

Fred E. Salley, Edward J. Koehl, Jr., New Orleans, La., for defendant-appellee.

Before RIVES, WISDOM and COLEMAN, Circuit Judges.

RIVES, Circuit Judge:

Decision of this appeal turns on the construction of an exclusionary provision

in a "Workmen's Compensation and Employers' Liability Policy" issued by Travelers to Olympus.

Harris, a shore-based barge-cleaner employee of Olympus, sued Olympus and Travelers to recover damages for personal injuries arising out of an accident that occurred when Harris fell into the cargo compartment of a barge which his employer Olympus was cleaning. Harris claimed that he fell because of the unseaworthiness of the barge, and that Olympus was liable to him under *Seas Shipping Co., Inc. v. Sierachi*, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, and under *Eskine v. United Barge Company*, 5 Cir. 1973, 484 F.2d 1194. Travelers was sued directly as the insurer of Olympus' liability for unseaworthiness. Olympus and Travelers pleaded the general issue and denied that Travelers insured Olympus against liability for unseaworthiness.

The pertinent policy provisions are the Insuring Agreements and Exclusion (f), which read as follows:

#### "INSURING AGREEMENTS

"1. Coverage A—Workmen's Compensation

"To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

"Coverage B—Employers' Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,

"(a) sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto, or   .   .   .

#### "EXCLUSIONS

"This policy does not apply:

"(f) under Coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law." (R. p. 46)

The district court granted Travelers' motion for summary judgment as to claims other than those for workmen's compensation made by Harris against Travelers directly, holding: "  .   .   . even if plaintiff can maintain an action against his employer, Olympus, as owner *pro hac vice* of the barge, the insurance contract in the record excludes direct recovery by plaintiff against his employer's insurer, The Travelers Insurance Company, as per Coverage B and Exclusion .   .   .   (f)." (Rec. 57, 58.)

Final judgment was entered pursuant to Rule 54(b), Fed.R.Civ.P. This appeal is from that judgment. Olympus and Travelers concede: "Appellant's point is well taken that were it not for Exclusion (f) the Travelers' policy would provide coverage to Olympus for Mr. Harris' direct claim for a breach of the warranty of seaworthiness." (Brief p. 7.)

Two other judges of the same district court have construed Exclusion (f) differently from its construction in this case. In *Brickley v. Offshore Shipyard, Inc.*, E.D.La.1967, 270 F.Supp. 985, 989, Judge Heebe wrote: "We find no reasonable basis to hold that the words of Exclusion F are intended to remove from coverage a claim for damages by an injured employee merely because that employee might also have a claim for compensation." In *Voisin v. Ocean Protein, Inc.*, E.D.La.1970, 321 F.Supp. 173, 176, Judge Cassibry commented on and followed the holding in the *Brickley* case. Likewise, the Ninth Circuit reached the same conclusion. *Standard Dry Kiln Co. v. Bituminous Fire & Mar. Ins. Co.*, 9 Cir. 1973, 479 F.2d 427, 431.

In *Parfait v. Jahncke Service, Inc.*, 5 Cir. 1973, 484 F.2d 296, 308, Judge

Thornberry wrote for this Circuit: "If an exclusion is to take away what the insuring language provides, it must do so in unmistakably clear terms." In our opinion, Exclusion (f) does not meet that test.

In *Garcia v. Queen, Ltd.,* 5 Cir. 1973, 487 F.2d 625, 629, this Circuit held that a like Part B of an insurance policy provided coverage for damages sought under maritime theories of recovery. That holding demonstrates the propriety of concession that Clause B in this case should be construed to provide coverage were it not for Exclusion (f). We hold that Exclusion (f) simply does not apply. The judgment is therefore reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.