LOBRANO, Judge.
This appeal involves a motion for summary judgment filed by third party defendant, Constitution State Insurance Company (Constitution State) against third party plaintiff Joseph Fein Caterers, Inc. d/b/a The Court of Two Sisters Restaurant (Fein) and a cross motion for summary judgment filed by Fein against Constitution State.
The original plaintiff, John A. Micelotti, is an employee of Fein. He was allegedly injured in the course and scope of his employment on the premises of The Court of Two Sisters Restaurant, a building owned by Nick S. Kamo (Kamo) and leased to Fein.
Micelotti sued Kamo claiming that he fell on an outside slippery staircase. He alleges that Karno was either negligent in maintaining the steps or is strictly liable for min as owner of the premises.
Kamo sued Fein, his lessee, in a third party demand contending that Karno’s lease to Fein required Fein to maintain the restaurant premises and therefore Fein should indemnify Kamo.
Fein sought coverages and defense of the claim from its general liability insurer, Constitution State. Constitution State denied coverage and refused to defend.
Fein then filed a third party demand against Constitution State seeking defense of the claims and indemnification for any loss.
Constitution State filed a motion for summary judgment alleging that it provided no insurance coverage because the lease between Fein and Kamo did not require that Fein indemnify Kamo for accidents occurring on the premises and thus, Fein assumed no contractual liability to Kamo to which coverage would apply.
Fein filed a cross motion for summary judgment asserting that Constitution State *736 must provide a defense in accordance with the terms of the insurance contract.
Both Fein and Constitution State submitted copies of the lease and insurance policy in support of their motions.
On April 29, 1988, the trial court denied Constitution State’s motion and granted Fein’s cross motion.
Constitution State brings this appeal asserting two assignments of error:[1]
1) whether issues of fact should have precluded summary judgment in favor of Fein; and
2) whether as a matter of law, Constitution State’s policy does not cover Fein under these circumstances.
In its reasons for judgment the trial court determined that Kamo, the lessor, had shifted its responsibility for damages to Fein, the lessee, by virtue of the maintenance clause in the lease. The Court also determined that Constitution State was required to defend Fein. We affirm the latter decision but reverse the “liability” determination.
A motion for summary judgment should be granted when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. La.C,C.Pro. Art. 966. The party moving for summary judgment carries the burden of showing there is no issue of fact and all doubt and inferences will be resolved in favor of the party opposing the motion. Thompson v. South Central Bell, 411 So.2d 26 (La.1982). The motion may be supported by documentary evidence including affidavits, interrogatories and depositions. La.C.C.Pro. Art. 967.
The insurance policy submitted in support of the motions excludes coverage for bodily injury claims brought by any employee of the insured. However that exclusion is inapplicable to liability assumed by the insured under an “insured contract.” Constitution State concedes that the lease from Kamo to Fein is an insured contract, but argues that Fein assumed no liability under the lease, thus the employee exclusion is applicable. The policy also obligates Constitution State to defend “... in any suit against the insured ... even if any of the allegations on account of the suit are groundless, false or fraudulent.” Thus there is “duty to defend” coverage and “indemnification” coverage which are at issue.
A liability insurer has a duty to defend its insured against claims by a third party apart from its duty to indemnify its insured. Bourque v. Lehmann Lathe, Inc., 476 So.2d 1129, 1131 (La.App. 3rd Cir.1985), writ den. 479 So.2d 362 (La.1985). An insurer’s obligation to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Co. v. Czarnieki, 255 La. 251, 230 So.2d 253, 259 (1969); Hanover Ins. Co. v. Highlands Ins. Co., 511 So.2d 1296, 1297 (La.App. 2nd Cir.1987); Bourque, supra at 1131. The insurer’s duty to defend suits brought against its insured is determined by the allegations of the petition, not by the insurer’s interpretation of what liability may be covered by the policy. American Home Assurance, supra 230 So.2d at 259; Hanover, supra at 1297. The insurer is obligated to furnish a defense unless the petition unambiguously excludes coverage. Id. The insurer is obligated to defend the insured in an action where the pleadings allege coverage, even though in fact there is no coverage. Id.
Kamo’s third party demand alleges that Fein assumed liability for the premises under the terms of the lease, and therefore must indemnify Kamo. Based on the allegations of that demand, Constitution State is certainly obligated to defend its insured.
However, with respect to indemnification coverage, the trial judge erred. In its reasons, the court concluded that Fein, the lessee, was liable to Kamo, the owner, because of the lease clause requiring Fein to maintain the property. That clause states:
“Lessee shall, at all times during the lease and at its own cost and expense *737 repair, replace and maintain in a good, safe and substantial condition, all buildings and any improvements, additions and alterations thereto, including but not limited to roof, underground and above ground plumbing, shrubbery, plants, trees, vines and all parts of the premises and open patio whether made of brick, wood, iron, metal or plastic.”
Kamo and Pein argue that the cited provisions shifts tort responsibility to Fein. They assert that the intent of the clause was to invoke the provisions of La.R.S. 9:3221. That statute expressly provides for the lessee to assume responsibility for the condition of the premises unless the owner knew or should have known of the defect and failed to repair it.
Constitution State argues that a lease provision must clearly and unambiguously transfer liability from the lessor to the lessee. And since the lease contains no hold harmless clause or indemnification agreement, nor does it state that the lessee assumes responsibility, there is no transfer of liability to the lessee.
The issue of whether the lessee assumed responsibility cannot be determined on the documentation submitted in connection with the summary judgment motions. It is clear that Kamo’s claim is predicated on an interpretation of the lease agreement. Arguably the maintenance clause may be insufficient to shift responsibility to the lessee. Even though Pein, in brief, admits it assumed responsibility under that clause, this does not preclude Constitution State from urging that defense. A trial on the merits is necessary for that determination. Since interpretation of the lease agreement is essential, those facts normally associated with interpretation cases are required. Intent of the parties, prior actions concerning the lease, and circumstances surrounding the agreement are all factors to be considered.
Accordingly we affirm the trial court judgment insofar as it requires Constitution State to defend the third party demand against Pein. We reverse that portion of the judgment which determined Fein assumed Kamo’s responsibility under the lease agreement and remand for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Constitution State took writs to this court concerning the denial of its motion for summary judgment (88-C-1173). On June 24, 1988 a panel denied the application.