550 So.2d 828 (1989)
C.L. MORRIS, INC., Plaintiff-Appellee,
v.
SOUTHERN AMERICAN INSURANCE COMPANY, Defendant-Appellant.
No. 20,821-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*829 Stassi, Rausch & Giordano by Joseph W. Rausch, Metairie, for defendant-appellant.
Hal V. Lyons, Shreveport, for plaintiff-appellee.
Before FRED W. JONES, Jr., LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Southern American Insurance Company, appeals from a default judgment obtained against it by the plaintiff, C.L. Morris, Inc. For the following reasons, we reverse.

FACTS
On July 27, 1988, the plaintiff filed suit against the defendant, which had issued a commercial umbrella liability policy to the plaintiff for the period of April 8, 1985 to April 8, 1986. Plaintiff sought enforcement of the defendant's alleged obligation to provide a defense to an action filed against the plaintiff, or, in the alternative, for attorney fees incurred or to be incurred by the insured, plus penalties and attorney fees incurred in the instant suit. The liability limits of this excess policy were $5,000,000. (A copy of this policy was attached to the petition as Exhibit A.)
The plaintiff's petition alleged the following facts: In October of 1987, the plaintiff had been named as a third-party defendant in a suit filed in federal court in Texas, FDIC v. William J. Bonner, when Bonner filed a third-party demand against C.L. Morris, Inc. The third-party demand filed by Bonner alleged that Bonner and C.L. Morris, Inc., were engaged in a partnership. Bonner demanded damages of $6,700,000 from C.L. Morris, Inc., for conversion, slander, seizure, confiscation and tortious interference, as well as an accounting and settlement, and attorney fees. The plaintiff received notice of the suit on December 18, 1987, and hired a Waco, Texas, law firm to represent its interests. On May 26, 1988, the plaintiff called upon the defendant, through its agent, Cravens, Dargan & Company, to afford it a defense, as allegedly demonstrated by Exhibit B. By a letter dated June 29, 1988, the defendant denied the request, as allegedly demonstrated by Exhibit C. Exhibits B & C were said to be attached to the petition.[1]
*830 The plaintiff requested in its petition that the insurer provide it with a defense or, alternatively, be ordered to pay all attorney fees to date and future attorney fees as they accrued, plus penalty attorney fees for the filing of the present suit.
Service of the petition was made upon the defendant through the Secretary of State in East Baton Rouge Parish on August 28, 1988.
On September 16, 1988, the plaintiff entered a preliminary default against the defendant. On September 28, 1988, the plaintiff confirmed the default. In so doing, it presented the testimony of C.L. Morris, the major stockholder and president of the plaintiff company. He testified as to the issuance of the policy by the defendant and the plaintiff's payment of premiums to the defendant pursuant to the policy. Mr. Morris further testified that the law suit and the events alleged therein occurred during the policy coverage period. He also stated that the plaintiff had paid $15,000 in legal fees to the Waco law firm to defend against the law suit. Exhibits B and C were offered into evidence to corroborate his assertions that demand had been made upon the defendant to provide a defense.
The court requested testimony or an affidavit by plaintiff's counsel as to a fair penalty fee. Based upon counsel's statements that he had spent approximately thirty-two hours (including a trip to Dallas and the taking of depositions) on the case, attorney fees in the amount of $3,200 were awarded.
At the conclusion of the hearing, a judgment in conformity with the trial court's ruling was signed on September 28, 1988. It ordered the defendant to afford a defense to plaintiff, or alternatively, to pay all attorney fees expended to date and future attorney fees as they accrued, plus penalty attorney fees of $3,200.
On November 8, 1988, the defendant appealed. It asserted the following assignments of error: (1) the trial court erred in finding that the plaintiff established a prima facie case at the hearing on the confirmation of default; (2) the trial court erred in imposing penalties and attorney fees against the defendant; and (3) the trial court erred in imposing excessive attorney fees. As our ruling on the first assignment of error is dispositive of the case, consideration of the latter two assignments of error is pretermitted.

LAW
For plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition had been denied by the defendant. Robertson Factories, Inc. v. Southern Apartment Furnishings, 316 So.2d 145 (La.App. 2d Cir.1975); Thibodeaux v. Burton, 538 So.2d 1001 (La.1989). In other words, plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. Thibodeaux, supra.
In order to obtain reversal of a default judgment, appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985).
In an action by the insured on an insurance contract, the burden of proof is on the plaintiff to establish every fact that is essential to his cause of action and also to establish that his claim is within the policy coverage. Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La. App. 4th Cir.1970), writ refused 256 La. 375, 236 So.2d 503 (La.1970); Sherwood Real Estate and Investment Company v. Old Colony Insurance Company, 234 So.2d 445 (La.App. 1st Cir.1970).
The insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's *831 duty to defend suits brought against its insured is determined, not by the insurer's interpretation of what liability may be covered by the policy, but by the allegations of the petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. The insurer is obligated to pay the insured's expenses in defending an action, where the pleadings allege coverage, even though in fact there is no coverage. Hanover Insurance Company v. Highlands Insurance Company, 511 So.2d 1296 (La.App. 2d Cir. 1987).
The allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Thus, if, assuming all the allegations of the petition are true, there would be both coverage under the policy and liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Hanover, supra.

DISCUSSION
As previously noted, the burden of proof was upon the plaintiff to provide sufficient evidence of its claim. The defendant argues that the plaintiff failed to sustain its burden because it did not introduce into evidence a copy of the third-party petition in the federal suit or a copy of the underlying primary policy. We agree.
The third party petition in the federal suit is a vital and essential element in the plaintiff's lawsuit against the defendant, its excess insurer. The allegations in that petition will determine whether the defendant is obligated to furnish the plaintiff a defense. Without first examining the third-party plaintiff's assertions as set forth in his petition, the trial court could not assess whether the petition, however liberally construed, includes or excludes coverage.
The plaintiff contends that the defendant obviously had full knowledge of the contents of the documents in the federal court suit. Such a contention is irrelevant. The burden was upon the plaintiff to establish a record, based upon competent evidence, that fully supported its claims for relief as though all allegations of its petition had been denied. Therefore, it was incumbent upon the plaintiff to properly introduce the third-party demand into evidence in the present lawsuit as an essential element of its case.
Additionally, the plaintiff failed to introduce into evidence a copy of the underlying insurance policy. Although our determination that the plaintiff's failure to introduce the third-party petition is sufficient to require reversal of the default judgment, we will briefly comment upon this issue in the interest of judicial economy.
The defendant's umbrella policy provides, in pertinent part:

II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS
With respect to any occurrence not covered by the underlying policies listed in the Schedule of Underlying Insurance made a part of this Policy or any other underlying collectible by the insured, but covered by the terms and conditions of this Policy except for the amount of retained limit specified in the Declarations, the Company shall, provided suit is brought in the United States or Canada:
(a) defend any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; ...
Given the interrelated nature of the underlying primary policy and the umbrella excess policy, the underlying primary policy appears to be a necessary link establishing the defendant's contractual obligations to the plaintiff. Without this primary policy, the trial court would be ill-equipped to determine whether the conditions upon which excess insurance coverage were contingent had been met.
*832 Based upon the foregoing, we find that the plaintiff failed to establish a prima facie case entitling it to recover against the defendant.[2]

CONCLUSION
The judgment confirming the default is reversed and set aside, and the matter is remanded to the trial court for further proceedings in accordance with law. Costs of this appeal are assessed to appellee. Assessment of other costs is to await final determination of the matter.
REVERSED AND REMANDED.
NOTES
[1] In brief, the defendant asserted that Exhibits B and C had not, in fact, been attached to the petition. The exhibits were not included in the record lodged in this court. However, the defendant attached copies of these documents to its brief. Exhibit B is a letter by plaintiff's counsel to Cravens, Dargan and Company in reference to a Republic Insurance Company policy number CDE-3508. Exhibit C is a letter from Cravens, Dargan and Company to plaintiff's counsel in which it refused to afford a defense to the plaintiff.
[2] We will not address the defendant's contentions that the letters previously referred to as Exhibits B and C related to the primary policy beyond noting that they were not included in the record lodged with this court.