**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 02-30323**
**Summary Calendar**
_____

**CITY OF HAMMOND,**

**Plaintiff-Appellant,**

**versus**

**COREGIS INSURANCE CO.,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(01-CV-582-B)**

September 27, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Contending the district court erred in holding the Hammond Airport Authority and its board of directors are not covered under a liability policy issued by Coregis Insurance Co., the City appeals the summary judgment awarded Coregis.

I.

The City purchased a "Public Officials and Employees Liability Policy" from Coregis, effective 1 July 1998 to 1 July 1999. It provides: "[Coregis] will pay on behalf of the Insureds Loss as a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result of civil Claims made against the Insureds by reason of a Wrongful Act".

The policy defines "insured" as follows:

> "Insured" means the Public Entity [(the City)] and any person while acting solely within the course and scope of his or her duties and responsibilities on behalf of the Public Entity as:
>
> ....
>
> 2.  a member o[r] officer of the governing board, commission, department or *unit* within the total revenue indicated in the policy application[.]
>
> ....
>
> Unless specifically endorsed her[e]on, the definition of "insured" does *not* mean the entity, any person, past or present, any official, member, officer of the governing board, commission, department, *unit*, employee or volunteer of the following:
>
> school, *airport*, transit authority, housing authority, hospital, nursing home, clinic, electric utility or gas utility.

(Emphasis added.)

2

Along this line, the insurance proposal is incorporated into the policy. It lists the airport as one of the "units" administered by the City, and then states: "*[I]f* coverage is requested for these units, please submit separate proposal". (Emphasis added.) There is *no* evidence a separate proposal was submitted.

In June 1998, former airport manager Stoulig sued the Airport Authority and its board members, claiming, *inter alia*, sex discrimination. Coregis denied coverage on the basis that the defendants were not insureds under the policy. After Stoulig obtained a judgment against the defendants, they settled for $130,250.

The City sought a declaration of coverage and damages in Louisiana state court; Coregis removed. Cross-motions for summary judgment followed.

The district court concluded that, under the policy's language, the Airport Authority and its board members were excluded from the definition of "insured". It consequently found no coverage or duty to defend, and, on that basis, awarded Coregis summary judgment.

## II.

"We review a grant of summary judgment de novo, applying the same standard as the district court ... [and] view[ing] the evidence in a light most favorable to the non-movant". ***Vela v.***

3

*City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). "Summary judgment is proper when 'there is no genuine issue as to any material fact and [] the moving part is entitled to a judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)).

A.

The City contends the following provision is sufficiently ambiguous to *not* operate as an exclusion: "Unless specifically endorsed her[e]on, the definition of 'insured' does not mean ... airport". Essentially, the City maintains that this provision's purpose is not to *exclude* the airport from coverage, but rather to ensure the airport is not mistaken for the City.

"An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is *reasonably contemplated* by its terms or so as to achieve an absurd conclusion." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994) (emphasis added). On that basis, the City's contention fails.

B.

The City next maintains that an endorsement allowing coverage for certain employment claims operates to extend coverage in this case. As the district court held, however, "[b]ecause it references no entity, the endorsement logically can apply only to parties covered, and not expressly excluded, under the definition of insured".

4

C.

Finally, the City maintains that, regardless of coverage *vel non*, Coregis had a duty to defend. "[I]f, assuming all the allegations of [Stoulig's] petition are true, there would be *both coverage* under the policy and liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit". **C.L. Morris, Inc. v. S. Am. Ins. Co.**, 550 So.2d 828, 831 (La. App. 2 1989) (emphasis added). Assuming Stoulig's allegations are true, there would be no coverage under the policy.

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**