464 So.2d 899 (1985)
IBEROAMERICANO ADVERTISING AND PUBLISHING COMPANY d/b/a The Diplomat for the Americas Magazine
v.
Ernesto SCHWEIKERT, III.
No. CA 2133.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*900 Sidney F. Rothschild, New Orleans, for appellant.
David D. Duggins, New Orleans, for appellee.
Before GULOTTA, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Appellant appeals from a default judgment rendered against him in a suit on an open account. Appellant contests the judgment by arguing (1) that the debt is not an open account, (2) that the evidence is insufficient to support the judgment, (3) that appellant is not the obligor, (4) that the obligation is contractual (i.e. not an open account), and (5) that appellee is not entitled to recover attorney fees. We amend the judgment to disallow the award for attorney fees, and otherwise affirm.
Plaintiff's petition alleges a sale of seven trade agreements to defendant. A copy of each of the seven trade agreements is attached to the petition. The seven agreements were sold to defendant at a 15% discount. They were all sold on the same day and each became due on the same date. The amount sued for implies an allegation that defendant made no payments.
The record indicates personal service of plaintiff's petition upon defendant on October 14. On November 15 plaintiff moved for, and was granted, judgment by default. La.C.C.P. Art. 1701. The clerk's certificate indicates that as of 8 a.m. on November 15 "nothing has been filed by defendant."
On November 28 plaintiff confirmed the judgment by default. La.C.C.P. Art. 1702. As prima facie proof plaintiff submitted an affidavit of correctness, La.C.C.P. Art. 1702 B., by its president.
Appellant argues that the trade agreements represent contractual obligations and cannot, therefore, constitute an open account. The agreements between plaintiff and the various obligors to the trade agreements may be contractual in nature, and once plaintiff transferred its rights to appellant, appellant's relationship *901 with the various obligors may be contractual. This contractual relationship, however, is not the object of this suit.
Plaintiff discounted its rights in the trade agreements and sold its rights to defendant on account. Plaintiff's petition alleges the amount of the sale to be "past due and owing." La.R.S. 9:2781 C. provides that:
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.
Plaintiff sued defendant on an "open account."
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.C. C.P. Art. 1702 A. A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required as if those allegations had been specifically denied. Premier Brands, Inc. v. Martiny, 377 So.2d 864 (La.App. 4th Cir.1979). When the sum due is on an open account an affidavit of the correctness thereof shall be prima facie proof. La.C.C.P. Arts. 1702 B.
The prima facie proof necessary under La.C.C.P. Art. 1702 for a default judgment on a suit "on an open account" consists of the account itself, verified by a competent witness's affidavit (or testimony) of its correctness. American District Telegraph Company v. Rault, 378 So.2d 194 (La.App. 4th Cir.1979). Plaintiff attached to its petition a copy of each of the agreements sold to defendant, each of which contained the terms of the sale. Since plaintiff claims that these seven agreements constitute the entire amount owed by defendant on account, this documentation provides evidence at least as good as an account sheet itemizing the seven sales. The affidavit of plaintiff's president attests to his familiarity with the books and business of plaintiff, and to the correctness of the amount claimed as past due and owed on defendant's account for the seven agreements. We find this evidence sufficiently establishes prima facie proof of the allegations of plaintiff's petition.
Appellant also argues that the evidence does not establish that he is the obligor. We have examined the documentation evidencing the seven sales and we find the evidence preponderates in favor of the conclusion that appellant is the obligor.
Accordingly we do not find error in the trial court's rendering judgment against defendant on the open account. We do, however, find error in the award of attorney fees.
To be awarded attorney fees, the claimant in a suit on an open account must strictly comply with the provisions of La. R.S. 9:2781. Ferd. Marks-Smither and Company, Ltd. v. Home Furnishing Store, Inc., 430 So.2d 239 (La.App. 4th Cir.1983). The claimant must prove defendant's "receipt of written demand ... correctly setting forth the amount owed and a copy of the invoices in support thereof." (Emphasis supplied) The only record evidence of plaintiff's compliance is the affidavit of its president stating that proper demand had been made on defendant. We find this insufficient to prove strict compliance.
La.C.C.P. Art. 1702 permits an affidavit of correctness to establish prima facie proof of the accuracy of an account. No such provision exists for establishing compliance with the statute for awards of attorney fees. Even the affidavit of correctness is not permitted to stand alone but accompanies evidence of the account. Here we have no evidence of the demand letter or what it contained and what invoices were attached to it. We also have no evidence of whether defendant actually received *902 the written demand (or alternatively, the "due diligence" exception provided for in La.R.S. 9:2781 B.). Consequently, we find the award of attorney fees to have been improper.
Accordingly, the judgment of the trial court in favor of the plaintiff for the amount owed by defendant on account is affirmed. The award of attorney fees is reversed and set aside.
AFFIRMED IN PART AND REVERSED IN PART.