539 So.2d 888 (1989)
Catherine SMITH
v.
Jerome L. MOORE, et al.
No. 88-CA-0674.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Rehearing Denied April 11, 1989.
*889 W. Keith Hurtt, Jr., New Orleans, for plaintiff-appellant, Catherine Smith.
Louis A. Gerdes, Jr., New Orleans, for defendant-appellee, Jerome L. Moore, Jr.
Before BARRY, KLEES and BECKER, JJ.
KLEES, Judge.
Plaintiff, Catherine Smith, brought suit against defendant, Jerome Moore, and his alleged insurer, State Farm Insurance Company, for injuries she sustained as the result of an automobile accident that occurred when the defendant's vehicle struck a vehicle in which she was a passenger. The trial court granted State Farm's motion for summary judgment dismissing it as a defendant after State Farm proved that the vehicle that the defendant was operating at the time of the accident was not insured by a State Farm Policy. The defendant failed to file an answer to the plaintiff's petition for damages in the amount of 38,000 dollars and the trial judge rendered a default judgment against him. After being notified of the default judgment against him, the defendant moved for a new trial or in the alternative, to nullify the default judgment. It is from the trial court's granting of a new trial that the plaintiff appeals.
Plaintiff was a passenger in a vehicle travelling in an eastbound direction on Mac Arthur Boulevard on Sunday afternoon, May 8, 1983. Defendant was driving his vehicle in a southbound direction on Woodland Drive. The vehicle in which the plaintiff was riding approached a stop sign at the intersection but failed to yield the right of way to the defendant. Unable to stop, the defendant's vehicle struck the other vehicle. This suit followed.
In the instant matter, although the trial judge confirmed the default taken by the plaintiff on March 25, 1987, the defendant did not file a motion for a new trial until October 19, 1987. It is clear that, under LSA-C.C.P. article 1974, the delay in which the defendant had to apply for a new trial had expired. Hence, the trial judge could only grant the defendant's motion for new trial upon a showing of improper service of process.
Plaintiff argues that the defendant, an officer with the New Orleans Police Department, was personally served at his place of employment, the Fourth District Police Station in Algiers, and that the sheriff's return of service, dated and signed by the sheriff's deputy, is prima facie proof that personal service was effected. In seeking his motion for a new trial and on appeal, the defendant alleges that he was never personally served with the citation and petition.
*890 The law is well stated that the sheriff's return of service is entitled to great weight and is presumed to be correct. LSA-C.C.P. article 1292. The burden is upon the party attacking service to establish otherwise, and not by a mere preponderance, but by "clear and convincing" evidence. Samrow v. Samrow, 428 So.2d 547 (La.App. 4th Cir.1983). Moreover, a single witness' uncorroborated testimony is insufficient to overcome the presumption of correctness established by LSA-C.C.P. 1292. Canterbury v. Slade Bros., 232 La. 1081, 96 So.2d 4 (La.1957); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir.1976).
Evidence of the sheriff's return in the record before us indicates that the defendant was personally served on September 8, 1984, at 2:00 p.m. at the Fourth District Police Station in Algiers. This was common practice as there existed an agreement between the Civil Sheriff's Office in Orleans Parish and the New Orleans Police Department whereby police officers were allowed to be served at work rather than be made to disclose their home addresses. At the hearing on the motion for a new trial, the defendant testified that he usually worked the 3:00 a.m. to 11:00 p.m. evening shift or the 7:00 a.m. to 3:00 p.m. day shift. He said he could not have been in the station house at 2:00 p.m. in the afternoon because he would have been on patrol if he was on the day shift or at home had he worked the evening shift on that day. He testified that the sheriff's deputy could have given the citation and petition to the desk sergeant on duty at the time but that he never received them. The sheriff's deputy who made the actual service was not called to testify because he was no longer employed by the Civil Sheriff's Office. Likewise, the desk sergeant on duty at the time service was made was not subpoenaed to testify as to whether he received the citation and petition. Based on the evidence in the record and the defendant's uncorroborated testimony, we do not find he has carried his burden of proving the lack of service by clear and convincing evidence, and therefore, conclude that the trial judge erred by granting the defendant's motion for a new trial.
In his brief on appeal, the defendant also argues that the default judgment was improperly rendered because plaintiff's allegations in her petition were not proven by sufficient evidence. We agree.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. article 1702. A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required as if those allegations had been specifically denied. Iberoamericano Advertising v. Schweikert, 464 So.2d 899 (La.App. 4th Cir.1985). Plaintiff's petition for damages alleges that the defendant's negligent operation of this vehicle caused the accident. There is no evidence in the record before us to support such a finding. The police report in the record indicates that the vehicle in which plaintiff was a passenger had a stop sign at the intersection of Mac Arthur Boulevard and Woodland Drive and that it failed to yield the right of way to the defendant's vehicle. Furthermore, the record is devoid of evidence to support damages in the amount of $38,000. The medical testimony in evidence is the deposition of plaintiff's treating physician, Dr. Robert O. Lesser. In his deposition, Dr. Lesser stated that the plaintiff's right wrist experienced pain with dorsal and palmar flexion, and that the plaintiff had a significant weakness in her right grip. He also stated that she suffered from chronic right knee pain, mild hypertension, headaches and decreased functional capacity due to arthritis. He further testified that the plaintiff's medical expenses in connection with his treatment of her amounted to $180.00. Plaintiff's medical records from Charity Hospital indicate that she suffered trauma to the right knee as the result of the accident. No evidence was introduced to prove the medical expenses incurred at Charity Hospital or to prove the amount of plaintiff's lost wages. We do not find that the plaintiff carried her burden of proof. The evidence simply does not substantiate or even itemize the expenses *891 concerning the medical treatment and injuries. We conclude the trial judge erroneously rendered the default judgment.
Accordingly, the trial court's judgment granting the defendant's motion for a new trial is reversed. The default judgment rendered against the defendant is set aside and remanded to the lower court in order to substantiate any allegations of negligence on the part of the defendant and damages incurred by the plaintiff, or any other proceedings that may be appropriate.
REVERSED, SET ASIDE AND REMANDED.