589 So.2d 86 (1991)
Mary MESHELL, Plaintiff-Appellee,
v.
Larry RUSSELL, et al., Defendant-Appellant.
No. 22928-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*87 Broussard, David & Daigle by Paul B. David, Lafayette, Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., Natchitoches, for defendant-appellant Larry Russell d/b/a Larry Russell Const. Co.
Burkett & Chevallier by Edward P. Chevallier, Many, for plaintiff-appellee.
Before SEXTON, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
In this personal injury action, plaintiff, Mary Meshell, obtained a judgment by default against defendant, Larry Russell d/b/a Larry Russell Construction Company (Russell). After Russell received notice of the default judgment he timely filed a motion for new trial. Following the trial court's denial of the motion, Russell appealed. Finding that there were defects with the default judgment, we reverse and remand.
On December 8, 1989 plaintiff instituted this action in Sabine Parish naming Russell and his insurer, Alliance Casualty and Reinsurance Company (Alliance), as defendants. Plaintiff alleged in her petition that on or about September 4, 1989, as a passenger in an automobile owned and driven by her son, she suffered injuries when struck by a vehicle owned and operated by Russell. The accident occurred in DeSoto Parish. Plaintiff contended that the accident occurred solely through Russell's negligence. On December 18, 1989 domiciliary service was obtained upon Russell.
On January 11, 1990 plaintiff filed an ex parte motion to transfer the case from Sabine to DeSoto Parish as the place of proper venue. As of that time no answer had been filed. The action was transferred on January 12, 1990 to DeSoto Parish by an ex parte order of the court in Sabine Parish. Russell did not receive separate service from the DeSoto Parish Clerk of Court nor was there a certificate attached to the motion showing that a copy had been served by mail.
On January 18, 1990 plaintiff obtained a preliminary default judgment in DeSoto Parish which was confirmed on January 26, 1990. In its judgment, the trial court noted that Russell had failed to appear or answer and evidence had been adduced in court in favor of plaintiff and against defendant, Russell, only. Plaintiff was awarded the sum of $50,000 in general damages together with $15,285.45 in special damages.
On February 12, 1990 Russell received notice of the default judgment. On February 13, 1990 Russell and Alliance filed a general denial answer. Thereafter, Russell filed a timely motion for new trial alleging that the judgment was contrary to the law and evidence and resulted in a miscarriage of justice.
Defendant, Russell, alleged that the failure to file responsive pleadings within the delays allowed by law was not the result of his fault but rather due to the oversight, neglect or omission of his insurer. The evidence showed that upon receiving service of plaintiff's petition, Russell immediately turned it over to his insurance agent. Russell relied upon the assurances of his insurance agent and adjuster that a defense was being provided for him and that responsive pleadings would be filed in a timely manner. At no time prior to service of the default judgment did Russell believe or have reason to believe that such pleadings had not been filed. As a result, judgment was rendered against Russell in an amount in excess of his $10,000 liability insurance coverage.
The testimony established that when the insurer, Alliance, received a copy of the lawsuit by fax from the adjuster, Steven Davis, it faxed a letter back to Davis which was ambiguous as to who would contact an attorney. The insurer's supervisor of field adjusters, David Morin, testified it was his intent for Davis to contact an attorney but that Davis mistakenly understood the letter *88 to mean that Morin had already retained counsel. As a result of this miscommunication, legal counsel was not contacted. Both Morin and Davis admitted Russell had followed the proper procedure in immediately contacting the agent and was not expected to act further after that point.
After reviewing the testimony and evidence, the trial court denied Russell's motion noting that it would be a substantial miscarriage of justice to allow defendants to profit from their own neglect. After reviewing the record herein, we find that the trial court erred in denying defendant's motion for a new trial.
This action was inadvertently filed in Sabine Parish when it should have been filed in DeSoto Parish. Shortly after filing suit, plaintiff filed an ex parte motion for transfer to DeSoto Parish pursuant to LSA-C.C.P. Art. 121. The motion to transfer was not served upon defendant by the sheriff and there is no certificate of service in the record to establish that it was served by mail. LSA-C.C.P. Art. 1312 requires that all pleadings subsequent to the original petition shall be served upon the adverse party as set out by either Art. 1313 or 1314. LSA-C.C.P. Art. 1313 commands that a pleading which requires no appearance or answer may be served either by the sheriff or by mailing or delivering a copy thereof to the adverse party or to his counsel of record. LSA-C.C.P. Art. 1314 provides that a pleading which may not be mailed or delivered shall be served by the sheriff either upon the adverse party or his counsel of record.
Plaintiff's motion to transfer should have been served upon Russell pursuant to these articles and we find the failure to do so was clearly prejudicial. The document itself stated that no answer had been filed as of that time. If Russell had received a copy of the motion to transfer, he would have known that there was a problem and contacted his insurance agent. The prejudicial failure to serve Russell with a copy of the motion to transfer taints the subsequent default judgment and mandates a reversal. It is elementary that one of the purposes behind the requirement of service of all pleadings, even if by mail, is to insure that the parties are apprised of the status of the action. Service of this pleading upon defendant would have afforded him an opportunity to learn of the miscommunication which resulted in his lack of representation. By entry of the default judgment, defendant has been exposed to liability in excess of his insurance coverage to his extreme prejudice and has been unfairly denied his day in court.
Additionally, other problems exist in the denial of the motion for new trial. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. Art. 1702. The jurisprudence construing this article has held that in confirming a default plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. In other words, plaintiff must present competent evidence she probably would have prevailed at a trial on the merits. In order to obtain reversal of a default judgment, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. C.L. Morris, Inc. v. Southern American Insurance Company, 550 So.2d 828 (La.App. 2d Cir. 1989); Travis v. Commercial Union Insurance Company, 569 So.2d 115 (La.App. 1st Cir.1990); Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir.1989); Smith v. Moore, 539 So.2d 888 (La.App. 4th Cir. 1989), writ denied, 544 So.2d 406 (La.1989); Jones v. Ledet, 383 So.2d 1308 (La.App. 3d Cir.1980).
In examining the evidence submitted by plaintiff in confirming the default judgment, we note that the proof submitted *89 included reports which were not sworn to pursuant to LSA-C.C.P. Art. 1702(D). Art. 1702(D) requires that when the demand is based upon a claim for personal injury, a sworn narrative report of the treating physician may be offered in lieu of his testimony. While this court has not been provided with a transcript of the confirmation proceedings, the record does not indicate that plaintiff produced medical witnesses but rather submitted hospital records and the unsworn reports of her treating physicians. Further, plaintiff submitted expenses in excess of $8,000.00 to pay plaintiff's granddaughter for home nursing care at the rate of $35.00 per day for 233 days. There was no proof contained in the record that these expenses were medically necessary. Considering these deficiencies in the evidence presented at the confirmation of the default, we do not believe that there would be competent evidence to support the judgment, which finding also necessitates a new trial.
A new trial may be granted in any case if there is good ground therefor. LSA-C.C.P. Art. 1973. New trials are granted in the interest of justice and are left largely to the discretion of the trial court, but this discretion is not immune from appellate review. In a case of manifest abuse the appellate court will not hesitate to set the trial court's ruling aside or grant a new trial. As mandated by the Supreme Court, we are especially careful to review denials of new trials in cases of default judgments due to the general policy consideration, weighing in defendant's favor, that every litigant should be allowed his day in court. He who seeks to have a default judgment against him set aside must allege and prove that he had good reasons for his nonappearance and failure to timely plead. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989); Lamb v. Lamb, 430 So.2d 51 (La.1983); Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325 (La.1976); Hardy v. Kidder, 292 So.2d 575 (La.1973); Terra Builders v. International Paper Company, 445 So.2d 79 (La.App. 2d Cir.1984), writ denied, 446 So.2d 1226 (La.1984); and Pickett v. Marchand, 544 So.2d 683 (La.App. 3d Cir.1989).
Russell certainly was not at fault but was prejudiced by the miscommunications between his adjuster and insurer. Under these circumstances the denial of a new trial was an abuse of discretion. Terra Builders, Inc., supra.

DECREE
For these reasons, the judgment of the trial court denying defendant's motion for a new trial is hereby REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to plaintiff.
SEXTON and HIGHTOWER, JJ., concur.