KLEES, Judge.
Defendant, Edmund Hart Gilmore, Jr., appeals the judgment of the trial court awarding plaintiff damages in the amount of $27,000 and discharging plaintiff from any subsequent liability on a promissory note. After reviewing the record and applicable law, we affirm.
Plaintiff, Stephen Kaplan, purchased a condominium from defendant, Edmund Hart Gilmore, Jr., by an act of credit sale passed on December 14, 1982. As consideration for the credit sale, plaintiff executed a promissory note payable to the order of defendant in the amount of $27,-075.00. The note was payable in 240 equal installments of $276.10 and provided that there would be no penalty for prepayment. In early 1988, plaintiff offered to pay off the note in the amount of $20,928.26.[1] Defendant accepted the offer. Based on defendant’s acceptance, plaintiff arranged financing from Exxon Employees Louisiana Federal Credit Union to pay off the note. Despite the preparation for closing, defendant informed plaintiff that he was unable to produce the note because it had been pledged as security to First National Bank of Jefferson Parish (FNJP) for a loan to defendant and was the subject of pending litigation between defendant, FNJP and Jefferson Guaranty Bank. At the confirmation hearing, a representative of Jeffer *324 son Guaranty Bank testified that defendant pledged the note to FNJP in payment of another obligation and that the note was later assigned to Jefferson Guaranty Bank; therefore, FNJP or Jefferson Bank was the holder of the note.
On December 11, 1990, plaintiff filed a petition for declaratory judgment and con-cursus proceeding against defendant Gilmore, FNJP, and Jefferson Guaranty Bank. In his petition, plaintiff claims that he was prohibited from selling the condominium due to defendant’s failure to accept plaintiffs tender of payment in July of 1988. Plaintiff asked the court to discharge him from any and all subsequent liability on the note and for money damages totalling the difference between the appraisal value at the time payment was offered and the current appraisal value, plus costs and attorney fees.
Defendant was served with the petition on September 25, 1990. On October 10, 1990, defendant’s attorney filed a motion for extension of time within which to plead, which was granted on October 15, 1990 for 30 days. However, defendant’s attorney failed to answer and on December 6, 1990, plaintiff entered a preliminary default against defendant. Plaintiff moved for a confirmation of the preliminary default. In a judgment dated February 6, 1991, following the confirmation hearing, the court awarded judgment in favor of plaintiff and against defendant in the amount of $27,-000, totalling the difference, between the appraised value of the property in 1988 and 1991, plus legal interest and costs.
On appeal, defendant argues that the trial judge erred in granting plaintiff judgment by default and that the record itself does not justify a ruling for plaintiff.
Defendant is correct in arguing that a default judgment is not the proper procedure in a concursus proceeding. Although we agree with defendant, the plaintiff merely improperly characterized the suit. LSA-C.C.P. art. 892 allows for mixed causes of action. Plaintiff's petition is a petition for declaratory judgment, concur-sus and damages. While entitled “Petition for Declaratory Judgment and Concursus Proceeding,” this suit is really a claim for damages based on a breach of defendant’s obligation to cancel the note when presented with payment sufficient to pay off the note. Therefore, a default judgment was the proper proceeding.
Louisiana Code of Civil Procedure Article 1702(A) provides:
ART. 1702. CONFIRMATION OF DEFAULT JUDGMENT
A. Judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
A prima facie case is established only when the evidence proves the essential allegations of the petition to the same extent required as if those allegations had been specifically denied. LSA-C.C.P. Art. 1702; Iberoamericano Advertising and Pub. Co. v. Schweikert, 464 So.2d 899 (La.App. 4th Cir.1985).
At the confirmation hearing, plaintiff presented evidence that he tendered an offer to defendant for full payment of the note, which defendant accepted. Plaintiff also offered a letter from Exxon Employees Louisiana Credit Union’s attorney who made preparations for the closing of the loan to plaintiff to pay off the note. A letter from plaintiff’s counsel explaining the problem with the failure to produce and close on the note preventing the future sale of the condominium was also offered. At the hearing, plaintiff argued that he could not sell the property because he could not pay off the note due to defendant’s arbitrary refusal to accept payment to allow for cancellation of the note.
Concerning damages, plaintiff offered the evidence and testimony of an appraiser, Mr. H.J. Richardson. Mr. Richardson testified that he was referred to plaintiff by Exxon Employees Credit Union and conducted an appraisal of the property at issue on June 30, 1988, for a fair market value of $32,000. He conducted a second appraisal on February 2, 1991, the week before the *325 confirmation hearing and estimated the property value at $5000.
On appeal, defendant offers affidavits and exhibits in an attempt to controvert plaintiff’s testimony. However, material not offered in evidence at trial cannot be considered. Such evidence may be the basis for an action to annul a judgment pursuant to LSA-C.C.P. art. 2006; however, that issue is not before the court. We therefore find that the record supports the trial court’s finding and that plaintiff presented a prima facie case in his favor.
Finally, defendant relies on Terra Builders v. International Paper Co., 445 So.2d 79 (La. 2nd Cir.1984), writ denied, 446 So.2d 1226 (La.1984), in arguing that a default judgment must be set aside where it can be shown that appellant did not have notice that an answer had not been filed or that plaintiff intended to take a default, and serious questions were raised concerning sufficiency of the evidence offered at confirmation. However, Terra is an appeal of a trial court’s denial of a timely motion for a new trial. In the case at hand, defendant failed to file a motion for a new trial. Furthermore, in Terra, the facts were sufficient to set aside the default judgment in favor of a new trial, whereas these strong facts can be distinguished from the case at hand. Also, the court in Terra points out that the mere failure to file an answer, without more, is not sufficient grounds to grant a new trial. Terra at 81. We therefore find that the trial court was proper in confirming the default judgment.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court in favor of plaintiff and against defendant in the amount of $27,000.
AFFIRMED.

. Plaintiff wanted to pay the note in full to clear the mortgage in anticipation of a future sale to Exxon, plaintiffs employer, under a company relocation plan.