KLEES, Judge.
Plaintiff appeals the trial court judgment which found only one of the two defendants responsible for payments owed plaintiff for services rendered. After reviewing the facts and applicable law, we affirm.
Sovereign Financial Consultants, Inc. (Sovereign) is a loan brokerage company. La. R.S. 51:1910 defines a “loan broker” as follows:
(l)(a) A “loan broker” is any person, firm, or corporation who, in return for any consideration from any person, promises to:
(i) Procure for such person, or assist such person in procuring a loan from any third party, or
(ii) Consider whether or not it will make a loan to such person.
In order to operate as a loan broker, Sovereign was required to obtain a surety bond. La.R.S. 51:1911. Sovereign obtained its surety bond from United States Fidelity and Guarantee Company (USF & G).
Plaintiff, Dale R. Fleishmann, who provided Sovereign with appraisals on properties being bought or refinanced, sued Sovereign and USF & G after Sovereign allegedly failed to pay plaintiff for services rendered. The trial court rendered a judgment of $7,275.00 against Sovereign, but held that plaintiffs claim was not enforceable against the loan brokerage bond provided by USF & G. Furthermore, the trial court concluded that plaintiff was not entitled to an award of attorney’s fees because plaintiff failed to comply with La.R.S. 9:2781.
Plaintiffs appeal is now before this court. Sovereign’s petition for appeal, however, was dismissed by this court as untimely. We will, therefore, not consider Sovereign’s argument that a novation extinguished its debt. Also, we find plaintiffs appeal to be without merit.
In her first assignment of error, plaintiff avers that the trial court committed reversible error by not holding USF & G responsible for the $7,275.00 judgment rendered against Sovereign. Plaintiff bases her claim on La.R.S. 51:1911 A, which provides, in pertinent part:
Any person damaged by the loan broker’s breach of contract or of any obligation arising therefrom, or by any violation of law ... may bring an action against the bond ... to recover monies therefrom. The aggregate liability of the surety ... shall be only for actual damages ... and in no event shall exceed the amount of the bond ...
Plaintiff argues that the above statute should be interpreted broadly, thereby including her in the category of “[a]ny person damaged by the loan broker’s breach of contract or of any obligation arising therefrom.”
Plaintiffs argument is specious. Read in isolation, La.R.S. 51:1911 A appears to cover every contract, including contracts for appraisal services, entered into by the loan broker. The chapter containing La.R.S. 51:1911 A, however, is designed to protect only the immediate parties to a loan brokerage contract. The bond requirement is not intended to provide security for every contract entered into by the loan broker.
Plaintiff also argues that even if only the parties to a loan brokerage contract are covered by the statute, “Sovereign breached its contract with the borrowers by not paying the funds to [plaintiff] which was an obligation that arose from that contract.” Plaintiffs argument, however, is not supported by the facts, which do not even remotely suggest that receipt of payment by plaintiff was part of the loan brokerage contracts. Sovereign’s contract with plaintiff for appraisal services is separate from Sovereign’s loan brokerage contracts with borrowers. This assignment of error is, therefore, without merit.
In her second assignment of error, plaintiff argues that the trial court erred in not awarding her attorney’s fees under La. R.S. 9:2781. Again, we uphold the decision of the trial court.
The relevant portion of La.R.S. 9:2781(A) provides the following:
When any person fails to pay an open account within fifteen days after receipt of written demand therefore correctly setting *416 forth the amount owed, that person shall be liable to the claimant for reasonable attorney’s fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
This court has already stated that in order for a party to be awarded attorney’s fees under the above statute, the party must strictly comply with the statute’s requirements. Iberoamericano Advertising and Publishing Co. v. Schweikert, 464 So.2d 899, 901 (La.App. 4th Cir.1985). The party must prove defendant’s “receipt of written demand ... correctly setting forth the amount owed and a copy of the invoices in support thereof.” Id.
On February 9, 1993, plaintiff sent a letter to Sovereign which stated the following:
This letter is to demand payment for the attached invoices for appraisal services that have been billed to you on an open account. Please remit immediately. Thank you.
The above letter fails to comply with La.R.S. 9:2781 because it does not set forth, on its face, the amount owed. Reference to “the attached invoices” is insufficient to satisfy the requirement. This assignment of error is, therefore, without merit.
For the forgoing reasons, the judgment rendered and signed by the trial court on August 4, 1993, is affirmed.

AFFIRMED.

BARRY, J., concurs with reasons.