LDALEY, Judge.
This is an appeal by the defendants, National Employee Benefit Administrators, Inc., National Administrators, Inc., and Channel Shipyard Company-Employee Benefit Plan, from a default judgment. For the reasons which follow, we reverse and set aside the default judgment and remand this matter for further proceedings.
On May 28, 1997, Mr. Gray and Dr. Greenberg filed suit against Franklin Life Insurance Company, National Employee Benefit Administrators, Inc., National Ad *910 ministrators, Inc., Channel Shipyard Company, Ine.-Employee Benefit Plan, Channel Shipyard Company, Inc. — New Orleans, and Lynchburg Shipyard[1]. The petition alleged that Mr. Gray was employed by Channel Shipyard Company, Inc. — New Orleans and Lynchburg Shipyard and that as part of his employee benefits he was provided health insurance by Franklin Life Insurance Company, National Employee Benefit Administrators, Inc. (NEBA), National Administrators, Inc., | ¡¡Channel Shipyard Company, Inc. — Employee Benefit Plan (Channel-Employee Benefit Plan), Channel Shipyard Company, Inc. — New Orleans, and Lynchburg Shipyard. The petition states that Dr. Scott Greenberg treated Mr. Gray for injuries sustained- in an accident on April 28, 1996. The petition alleged that the health insurance policies were in effect and provided coverage for the services rendered by Dr. Greenberg. The petition went on to state that charges for medical care provided to Mr. Gray were forwarded to the defendants and payment was refused. The petition prayed for judgment in the amount of $37,320.00 for medical services rendered, and penalties of $37,320.00.
An answer was filed in the record by Channel Shipyard on August 11, 1997. NEBA and National Administrators, Inc., were served through the Long Arm Statute via certified mail on June 2, 1997. Channel-Employee Benefit Plan was served in the same manner on June 4, 1997. An answer was not filed into the record by NEBA, National Administrator, Inc., and Channel-Employee Benefit Plan. A preliminary default was taken by the plaintiffs against Franklin Life Insurance Company, NEBA, National Administrators, Inc., and Channel-Employee Benefit Plan on May 21,1998.
A hearing was held to confirm the preliminary default on July 28, 1998. A judgment was signed on July 30, 1998 confirming the default judgment, awarding a total of $74,640.00 to plaintiffs and against NEBA, National Administrators, Inc., and the Plan[2].
On appeal, the defendants argue the trial court erred in granting the default judgment because the plaintiffs failed to. establish a prima facie case with competent evidence.
Louisiana Code of Civil Procedure article 1702 provides in pertinent part:
14A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
In Meshell v. Russell, 589 So.2d 86, 88, (La.App. 2 nd Cir.1991), the Court summarized the jurisprudence interpreting this article stating:
The jurisprudence construing this article has held that in confirming a default plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. In other words, plaintiff must present competent evidence she probably would have prevailed at a trial on the merits. In order to obtain reversal of a default judgment, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent.
*911 At the hearing on this matter, Mr. Gray testified that at the time of his accident he was employed by Channel Shipyard. A copy of a booklet entitled “Plan Document and Summary Plan Description for Channel Shipyard Company, Inc. Employee Benefit Plan” was introduced into evidence. The booklet states that an eligible employee will be reimbursed for covered expenses under the Channel-Employee Benefit Plan. The booklet goes on to explain various provisions of the Channel-Employee Benefit Plan, including covered charges, deductibles, and limits on various coverages. The booklet states that claims must be submitted to the Claims Supervisor at National Employee Benefit Administrators, Inc.
Mr. Gray testified that he assigned his benefits under the Channel-Employee Benefits Plan to Dr. Greenberg, who treated him for injuries sustained in the April 28, 1996 accident. He further testified that he did not think Dr. Greenberg had been paid for his services.
Dr. Greenberg testified that he treated Mr. Gray for injuries sustained in an | ^accident on April 28, 1996. Dr. Green-berg testified that Plaintiff Exhibit 4, which is entitled “Patient Financial History,” evidences that $87,320.00 represented the total amount due for medical services rendered. He further testified that he had not been paid for these medical services and desired to collect from Mr. Gray’s health insurance plan.
Mr. Gray’s hospital record for an admission into West Jefferson General Hospital from April 28, 1996 until May 7, 1996, as well as a document in which Mr. Gray assigned his benefits to Dr. Greenberg were introduced into evidence.
At the conclusion of the hearing, the trial judge stated he would render judgment as prayed for. He signed the judgment two days later.
In order to confirm a default, the jurisprudence requires that a plaintiff prove all of the allegations in his petition as if they have been denied. In the case before us, the plaintiffs’ petition alleges that charges for services rendered by Dr. Greenberg were forwarded to the defendants and payment was refused. However, the record is void of any evidence to indicate that charges for these services were presented to the defendants, which is a necessary element of the plaintiffs claim. No submission letters to the claims supervisor, demand letter, or even a copy of a bill addressed to the claims supervisor, as required by the “Plan Document and Summary Plan Description for Channel Shipyard Company, Inc. Employee Benefit Plan” were introduced into evidence. Absent evidence of submission of the bills for payment, plaintiffs have failed to establish a prima facie case.
For the foregoing reasons, the default judgment rendered in favor of plaintiffs is set aside and this case is remanded for further proceedings.

JUDGMENT SET ASIDE; MATTER REMANDED.

. There is nothing in the record to indicate that Lynchburg Shipyard was served with a copy of the petition.

. Franklin Life Insurance Company was not named in the default judgment and are not a party to this appeal.