JjPETERS, J.
This is a workers’ compensation case in which the plaintiff, Joe Ganey, obtained a default judgment against his employer, RMH Cable, Inc., awarding him weekly benefits, medical expenses, penalties, and attorney fees. After receiving notice of the judgment, the employer filed pleadings to nullify or modify the judgment, for a new trial, or in the alternative, for an appeal. After a hearing, the workers’ compensation judge granted the employer partial relief by deleting that portion of the judgment awarding weekly benefits but left the remaining awards intact. The employer has appealed asserting that the entire judgment should have been set aside.
DISCUSSION OF THE RECORD
On October 7, 1997, Joe Ganey filed a claim for compensation with the Office of Workers’ Compensation Administration, alleging that he sustained work-related injuries when he fell from a ladder while connecting a cable to a utility pole. He j2identified RMH Cable, Inc. (RMH) as his employer at the time of the accident. On October 21, 1997, the Office of Workers’ Compensation Administration conducted a mediation conference, which was unsuccessful in resolving any issue concerning the accident. Ganey and Pamela Hadda-way,[1] a representative of RMH, personally attended the conference. On that day, Mrs. Haddaway signed a document prepared by the- Office of Workers’ Compensation Administration in which she acknowledged receipt of the disputed claim form filed by Ganey, waived citation, and accepted service of the claim. Thereafter, RMH took no steps to defend the litigation until after the rendition of the default judgment.
Ganey filed a written request for a preliminary default on December 5, 1997, but did not serve RMH with a copy of the request. The workers’ compensation judge entered the preliminary default against RMH on December 11, 1997, and, after a number of continuances[2] and an attempt to change venue,[3] held an eviden- *125 tiary hearing on April 3, 1998, to confirm the preliminary default. Neither the written motions for continuance nor the written motion to change venue was served on RMH. At the April 3 hearing, Ganey presented testimony and documentary evidence in support of his claim. Upon completion of the evidence, the workers’ compensation judge rendered judgment in favor of Ganey and against RMH for all past and future medical expenses; all out-of-pocket expenses associated with the medical treatment; weekly laindemnity benefits from July 1, 1997, until further orders of the workers’ compensation judge; penalties; attorney fees; legal interest; and all costs of the litigation.
On April 30, 1998, RMH responded to the judgment by filing a pleading entitled “Motion to Nullify Judgment, to Modify Judgment, for New Trial and/or Alternatively to Appeal.” The bases of the motion were that (1) service of the “pleadings and correspondence” was not made on RMH and (2) the medical reports entered at the hearing to confirm the preliminary default were not verified or sworn to by the treating physicians. Thereafter, on May 11, 1998, RMH filed an answer in which it denied all of Ganey’s allegations except to admit his employment status.
The workers’ compensation judge held a hearing on RMH’s motion on July 17, 1998. Upon completion of the hearing, the workers’ compensation judge rendered judgment denying RMH’s motion to nullify the April 21, 1998 judgment as well as the motion for new trial but granted a modification of the judgment to the extent of deleting the award of weekly indemnity benefits. Specifically, the workers’ compensation judge deleted that award on the ground that it had been based on a medical report that was not certified. The judgment also reserved to Ganey the right to prove his claim of disability. RMH appeals the judgment, asserting in its sole assignment of error that “[t]he Office of Workers’ Compensation erred by not nullifying the entire default judgment ... whereas the entire judgment was obtained through improper procedures.” [4]
OPINION
|4In arguing its assignment of error, RMH asserts that there are two defects in the procedure used by Ganey in obtaining his default judgment that require a full nullification of the judgment rendered. One asserted defect relates to the lack of service of pleadings and correspondence prior to rendition of the judgment, and the other relates to the sufficiency of the evidence presented at the confirmation hearing. In addressing these assertions, we first note that analysis of complaints concerning workers’ compensation procedure requires a review of three sources: the Louisiana Code of Civil Procedure; the Louisiana Workers’ Compensation Law, La.R.S. 23:1021 et seq.; and the Louisiana Workers’ Compensation Hearing Rules (Hearing Rules) authorized by La.R.S. 23:1310.1(C) and promulgated pursuant to the procedures established by the Louisiana Administrative Procedure Act, La.R.S. 49:950 et seq.

Lack of Service

RMH’s first complaint is that the default judgment was improperly obtained because “pleadings and correspondence” were not “copied” to it. Specifically, RMH asserts that Ganey did not send it a copy of his request for preliminary default, his motions to continue the confirmation hearing, a motion to change venue, a motion to enroll as counsel of record, and the correspondence associated with the various filings.[5] RMH contends that had it received *126 notice of these subsequent proceedings, it would have retained counsel and taken action just as it did when it received notice of the default judgment.
IsRMH does not dispute that it received a copy of Mr. Ganey’s petition at the mediation hearing. Additionally, although Mrs. Haddaway waived citation at that time, RMH’s counsel acknowledged to the workers’ compensation judge at the July 17, 1998 hearing that RMH received more than the petition itself. When the workers’ compensation judge asked counsel for RMH whether his client received notice that it had been sued, he replied that it had. Additionally, he admitted to the workers’ compensation judge that RMH also received notice that it had fifteen days to file an answer but did not do so. The records of the mediation proceeding contain a standard citation form used by the Office of Workers’ Compensation Administration addressed to RMH and which states in part:
YOU HAVE BEEN SUED:
[[Image here]]
If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgement of default may be entered against you without further notice.
Thus, it is clear that even though RMH waived citation, it was made aware of all the information it would have received had it accepted citation with service of the petition.
If we were to consider only the provisions of the Louisiana Code of Civil Procedure, we could easily reject RMH’s argument on this point. La.Code Civ.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law or against whom a valid judgment by default has not been taken. However, La.Code Civ. P. art. 1312 provides in part that “[n]o service on the adverse party need be made ... of any pleading not required by law to be in writing.” A default judgment “may be obtained by oral motion in open court or by written motion mailed to the court.” La.Code |6Civ.P. art. 1701(A) (emphasis added). The Louisiana Supreme Court has recognized that there is no requirement of service of a motion for preliminary default in a civil action. See Rodrigue v. Rodrigue, 591 So.2d 1171 (La.1992). Additionally, “[a] motion for a continuance shall set forth the grounds upon which it is based, and if in writing shall comply with the provisions of Article 863.” La. Code Civ.P. art. 1603 (emphasis added).
Under the Louisiana Workers’ Compensation Law, La.R.S. 23:1310.3(C) provides the procedural steps to follow upon the failure of the mediation proceedings:
Upon notice from the workers’ compensation mediator that the parties were unable to resolve the dispute, service of process shall be effected on any named defendant in any manner provided by law or by certified mail. All subsequent pleadings requiring service shall also be served in any manner provided by law or by certified mail. A defendant shall file an answer within fifteen days of service of the form or within a delay for answering granted by the workers’ compensation judge not to exceed an additional ten days.
(Emphasis added.)
If an employer fails to timely file an answer to the employee’s petition, the employee may request the entry of a preliminary default, but, unlike its counterpart in the Louisiana Code of Civil Procedure, the Louisiana Workers’ Compensation Law requires that the request be in writing. See La.R.S. 23:1316. Additionally, Hearing *127 Rule 5833 provides in part that “[a]n application to the court for an order, if not presented in some other pleading, shall be by motion which, unless made during trial or hearing or in open court, shall be in writing.” (Emphasis added.) Hearing Rule 6105 specifically states in part that “[a]ny request for a continuance shall be in written form.” (Emphasis added.) However, both the Louisiana Workers’ Compensation Law and the Hearing Rules are silent concerning the service requirement of those motions they mandate must be in writing.
17We decline to construe the Louisiana Code of Civil Procedure, the Workers’ Compensation Law, and the Hearing Rules in such a way as to reach a result not intended by the legislature. In other words, we decline to “pick and choose” among these rules to reach an unintended result. Specifically, the new workers’ compensation procedures are designed to allow a workers’ compensation judge to decide the merits of a controversy as equitably, summarily, and simply as may be done. Losabia v. Cypress Hosp., 619 So.2d 151 (La.App. 3 Cir.), writ denied, 625 So.2d 1047 (La.1993) (quoting Smith v. UNR Home Prods., 614 So.2d 54 (La.1993)). The new procedures are not designed to prolong and complicate the adjudicative process but to speed it up. Id. Further, our courts have consistently construed the workers’ compensation provisions liberally in favor of the injured worker. Id. We reach the conclusion that service of the request for default judgment and of the motions for continuances associated with the confirmation hearing was not required. We reach this conclusion by considering the intent of the default judgment process in both the civil and the workers’ compensation contexts. As stated in Losabia, 619 So.2d at 154:
The legislature is presumed to have enacted each statute with deliberate and full knowledge of all existing laws on the same subject. A particular statutory provision should be construed, not only along with the remainder of the statute, but with all laws on the same subject matter. Laws in pari materia, or upon the same subject matter, must be construed with reference to each other. Further, what is clear in one provision may be used as an aid to explain what is doubtful in another.
The intent of the default judgment procedure in either case is to afford a litigant a remedy where a defendant fails to timely respond to a petition. To require service of the motion for preliminary default or of pleadings associated with the confirmation process would defeat that remedy. A defendant is generally placed on notice by | Sservice of citation and the petition that he has a limited amount of time in which to respond to the petition and that if he does not timely respond, a judgment may be rendered against him without further notice. The fact that the defendant might waive the citation which contains this warning should not defeat the plaintiffs exercise of his right to proceed absent the defendant’s presence.
RMH cites Meshell v. Russell, 589 So.2d 86 (La.App. 2 Cir.1991), as authority for setting the judgment aside. However, we find that Meshell is distinguishable, not only because it is a civil case and not a workers’ compensation case, but also because it is factually different.
In Meshell, the plaintiff filed a personal injury suit against the alleged tortfeasor and his insurer. The tortfeasor was served and immediately turned the matter over to his insurance agent, relying upon the assurances of the agent and adjuster that a defense would be provided for him and that responsive pleadings would be timely filed. However, responsive pleadings were not timely filed because of mis-communication within the insurer’s organization. In the meantime, the plaintiff filed a motion to change venue, but the tortfea-sor did not receive service of the motion. Thereafter, the plaintiff obtained a default judgment against the tortfeasor in an amount in excess of his liability insurance *128 coverage. The tortfeasor filed a motion for new trial, which was denied by the trial court. The court of appeal reversed, finding that the motion to change venue should have been served on the tortfeasor because, had he received a copy of the motion, it would have afforded him an opportunity to learn of the miscommunication that resulted in his lack of representation. The court found that the prejudicial effect of the failure to serve the motion tainted the subsequent default judgment and mandated a reversal.
|9We do not find that the failure to receive the motion to change venue in this case resulted in the type of prejudice found in Meshell. In fact, Mr. Haddaway, the owner of RMH, testified that although he was aware he was being sued, he simply ignored it. He stated that “[a]ctually, what I thought — I thought it just went away. I mean, I figured that, ‘Hey, the guy is walking again,’ you know, ‘He’s normal and back to work.’ ” He further testified that “I knew that there was a claim there. And then — but I was reading, ‘Put an ice pack on your ankle and go back to work in a week,’ is what I was looking at.” Additionally, Mr. Haddaway’s wife attended the mediation conference and signed the form stating that the case was still unresolved. Unlike Meshell, there was no miscommunication between RMH and its insurer concerning filing protective pleadings. RMH was not operating under any false impression that legal counsel had been obtained on its behalf and would handle the matter.
We further note that Hearing Rule 5835(A) provides that “[i]f the order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the judge may grant the motion ex parte and without hearing the adverse party.” RMH did not timely answer the petition, and Ganey was clearly entitled to the relief requested — a preliminary default and ultimately confirmation of that default. Service of the motion would have apprised RMH only of the fact that Ganey was pressing forward with his claim, a fact of which RMH was apprised through the service of the initial claim. Any prejudice resulted from RMH’s inaction. Thus, we find that RMH was prejudiced not by the failure of Ganey to serve it with certain motions or other correspondence but by its own inaction.
During the preliminary stages of this litigation, including the mediation 1 mproceedings, Ganey was not represented by counsel. At some point before confirmation of the preliminary default, he retained counsel. RMH asserts that the failure to serve it with the motion to enroll as counsel prejudiced it because, had it received such a motion, it would have been apprised of the fact that Ganey intended to pursue his claim. Such a claim of prejudice can be disposed of on the same basis as previously discussed. However, the record does not contain a motion to enroll as counsel filed prior to the hearing of April 3, 1998, and, therefore, we need not consider this argument.
Thus, we reject this portion of the assignment of error. Although we do find that certain pleadings were not served on or “copied” to RMH, that failure does not rise to such a prejudicial level as to taint the default judgment and justify annulling it in its entirety.

Incompetent Evidence

The second defect of which RMH complains in its assignment of error relates to the sufficiency of proof concerning medical expenses presented at the April 3 confirmation hearing. As previously stated, the workers’ compensation judge awarded RMH partial relief by deleting the award of weekly benefits. RMH asserts that if the evidence presented was not sufficient to sustain the award of indemnity benefits, it was not sufficient to establish the connexity of the medical expenses to the accident.
As previously noted, La.Code Civ.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered *129 against a defendant against whom a valid judgment by default has not been taken. This Article applies only to technical defects of the form of the judgment or procedure. National Income Realty Trust v. Paddie, 98-2063 (La.7/2/99); 737 So.2d 1270. The failure to establish the prima facie case required by La.Code Civ.P. art. 1702, or in this case La.R.S. 23:1316.1,[6] does not constitute a vice of form. See id. Rather, a failure of proof must be raised in a motion for new trial or by appeal and may not be raised by an action for nullity. Id.
Under this argument, RMH is simply asserting a failure of proof. Hearing Rule 6317 provides that in a workers’ compensation case, “[a] motion for new trial shall not be permitted.” Additionally, although captioned in part as a motion to appeal in the alternative, an appeal was never perfected from the default judgment but only from the denial in part of RMH’s instant motion to have the default judgment nullified or modified. Therefore, because the claim of failure of proof could not be raised by a motion to have the judgment nullified or modified, but only by a motion for new trial or appeal, and because no new trial is available pursuant to Hearing Rule 6317 and no appeal was perfected from the default judgment, we reject this argument— this issue was not properly raised by the motions before the workers’ compensation judge.[7] In rejecting this argument, we acknowledge that the workers’ compensation judge did rule on the failure-of-proof claim in connection with indemnity benefits, but Ganey did not appeal or answer the appeal in this regard. Therefore, we leave that ruling intact.
DISPOSITION
For the foregoing reasons, we affirm the judgment below in all respects and remand the case for further proceedings. We assess costs of this appeal to RMH Cable, Inc.
| ^AFFIRMED.

. Pamela Haddaway is the wife of Robert Haddaway, the owner of RMH.

. Upon entering the preliminary default, the workers' compensation judge scheduled a confirmation hearing for December 22, 1997. It was later rescheduled, first to January 5, 1998, then to February 23, 1998, and finally to April 3, 1998. The reschedulings for February 23 and April 3 were pursuant to a written motion filed by Ganey.

. On January 12, 1998, Ganey filed a motion to change the venue of the proceedings from District One-E to District Two. That motion was denied without hearing by the workers' compensation judge on the same day. The authority cited for denying the motion was La.R.S. 23:1310.4.

. By consent judgment signed July 7, 1999, the parties agreed, pursuant to La.Code Civ.P. art. 1915, that the judgment denying in part RMH’s motion filed April 30, 1998, should be considered a final and appealable judgment.

. RMH also complains that certain rulings and/or correspondence by the Office of Workers' Compensation were not copied to it, but it conceded at the hearing on its motion that "[t]he Office of Workers' Compensation was doing what it should have done,” and the *126 issue was not submitted to the workers' compensation judge. Additionally, although alluded to in its appellate brief, RMH has not briefed the issue. Thus, we will not consider any assertions in this regard. See Uniform Rules — Courts of Appeal, Rules 1.3 and 2-12.4.

. La.R.S. 23:1316.1(B) addresses the requirements of proof necessary to establish a prima facie case for a default judgment in the context of a workers’ compensation case.

. We note that in Meshell, 589 So.2d 86, the court addressed the issue of the sufficiency of the proof in the default judgment. However, it did so in the context of a motion for new trial.